FILED
Clerk
District Court

SEP - 6 2011

For The Northern Mariana Islands
By________________
(Deputy Clerk)

ALICIA A.G. LIMTIACO
United States Attorney
James J. Benedetto
Assistant U.S. Attorney
P.O. Box 500377
Horiguchi Building, Third Floor
Saipan, MP 96950
TEL: (670) 236-2980
FAX: (670) 236-2985

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HEQIAN MA,<br><br>Defendant. | CRIMINAL CASE NO. 11-00013<br><br>**PLEA AGREEMENT** |

Pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States (Government) and Heqian Ma (Defendant), enter into this plea agreement (Agreement):

1. Defendant agrees to enter a guilty plea to Counts Three and Four of the Indictment charging Defendant with Fraud in Foreign Labor Contracting, in violation of Title 18, United States Code, Section 1351. The Government will move for dismissal of Counts One and Two of the Indictment immediately following sentencing.

2. The Government agrees not to prosecute Defendant for any other non-violent offenses directly related to the conduct alleged in the Indictment and the complaint and affidavit filed in the case against Defendant in CR 11-00013. The Government also agrees to recommend a time-served sentence if restitution is paid in full to each victim identified in paragraph 13 prior to sentencing; if restitution is

not paid in full by the date of sentencing, the government agrees to recommend a sentence of imprisonment at the low end of the United States Sentencing Guidelines range adopted by the Court at Defendant's sentencing hearing.

3. Defendant understands that a violation of 18 U.S.C. § 1351 as alleged in Counts Three and Four of the Indictment is a Class D Felony under 18 U.S.C. § 3559(a)(4), and that the maximum sentence for each such violation is incarceration for not more than five (5) years under 18 U.S.C. § 371, a $250,000.00 fine under 18 U.S.C. § 3571(b)(3), and a statutory $100.00 special assessment fee under 18 U.S.C. § 3013(a)(2)(A) which must be paid immediately at the time Defendant is sentenced, as well as any restitution as the Court may order. Any sentence imposed shall include a term of supervised release of not more than three (3) years under 18 U.S.C. § 3583(b)(2) in addition to the term of imprisonment. If no term of imprisonment is imposed, Defendant understands that Defendant is subject to a minimum term of one (1) year of probation and a maximum term of five (5) years of probation under 18 U.S.C. § 3561(a) & (c)(1). Defendant also understands that if Defendant violates a condition of supervised release or probation at any time prior to the expiration of such term, the Court may revoke the term of supervised release under 18 U.S.C. § 3583(e)(3) and sentence Defendant to not more than an additional two (2) years of incarceration, or may revoke Defendant's term of probation under 18 U.S.C. § 3565 and sentence Defendant anew.

4. Defendant agrees to fully and truthfully cooperate with the Government concerning its investigation into the allegations contained in the Indictment and the complaint and affidavit filed against Defendant in CR 11-00013. Defendant understands and agrees that complete and truthful cooperation is a material condition of this Agreement. Cooperation shall include providing all information known to Defendant regarding any criminal activity associated with the charges in the complaint and Indictment, including but not limited to the offenses to which Defendant is pleading guilty. Cooperation will also include complying with all reasonable instructions from the Government;

submitting to interviews by investigators and attorneys at such times and places to be determined by the Government; producing to the Government all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of Defendant requested by the Government; testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where Defendant's testimony is deemed by the Government to be relevant; and using the "QQ" instant messaging service under the Government's direction to investigate related crimes and to educate users of the service about foreign employment in the CNMI and about Defendant's offense in order to deter and prevent such offenses in the future. Defendant understands that such cooperation shall be provided to any state, local, and federal law enforcement agencies designated by counsel for the Government. Further, it is understood and agreed that Defendant shall not directly, indirectly, or intentionally disclose anything Defendant knows or has done concerning the Government's investigation to anyone other than Defendant's attorney. Defendant agrees to take no steps directly or indirectly to "tip" or warn any subject of this investigation that Defendant, subject or anyone else is being investigated. The Government agrees that any statements made by Defendant during the cooperation phase of this Agreement shall not be used against Defendant in any subsequent prosecutions unless Defendant has breached this Agreement.

5. The Government will make Defendant's cooperation known to the Court prior to Defendant's sentencing hearing. Defendant further understands that Defendant remains liable and subject to prosecution for any criminal schemes of which Defendant does not fully advise the Government, or for any material omissions in this regard.

6. Except as otherwise herein provided, the Government agrees not to prosecute Defendant for any other non-violent offenses directly related to the charges in the complaint or Indictment which were committed in the Districts of Guam or the Northern Mariana Islands which Defendant reveals to the Government during Defendant's cooperation. This Agreement is limited to crimes committed by

Defendant in the Districts of Guam or the Northern Mariana Islands that are directly related to the charges in the complaint and the Indictment.

7. If the Government determines, in its sole discretion, that Defendant has provided "substantial assistance" pursuant to United States Sentencing Guidelines § 5K1.1 and Title 18, United States Code, Section 3553(e), the Government will request the Court to depart below the guideline range or the statutory mandatory minimum, if applicable, to whatever guideline range or sentence of incarceration the Government, in its sole discretion, deems appropriate or may, within one year after sentencing herein, move the Court to order relief pursuant to Federal Rule of Criminal Procedure 35, to whatever guideline range or sentence of incarceration the Government, in its sole discretion, deems appropriate. Defendant acknowledges that the substantial assistance determination is solely up to the Government and that the Government has made no promise, implied or otherwise, that Defendant will be granted a "departure" for "substantial assistance." The Government agrees to consider the totality of the circumstances, as they relate to the following factors, in determining whether Defendant has provided "substantial assistance" which would merit the Government's request for a downward departure:

a. the Government's evaluation of the significance and usefulness of any assistance rendered by Defendant;

b. the truthfulness, completeness and reliability of any information or testimony provided by Defendant;

c. the nature and extent of Defendant's assistance;

d. any injuries suffered or any danger or risk of injury to Defendant or Defendant's family resulting from any assistance provided by Defendant; and

e. the timeliness of any assistance provided by Defendant.

It is understood that even if a motion for departure is made by the Government, based upon Defendant's

perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance rests solely with the Court.

8. Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the Government as provided for in § 3613. Defendant also agrees not to dissipate assets. Furthermore, Defendant agrees to provide all of Defendant's financial information to the Government and the United States Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the Government to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9. Defendant agrees to make a full pre-sentence disclosure of Defendant's financial status to the Government by completing a Financial Disclosure Form (Form OBD-500) and the accompanying releases for the purpose of determining Defendant's ability to pay any Court-imposed monetary penalties. Defendant agrees to complete and return the attached Form OBD-500 within three (3) weeks of execution of this Agreement. If Defendant is financially unable to immediately pay the monetary penalties in full, Defendant agrees (i) to cooperate with the Financial Litigation Unit of the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands, (ii) to provide updated OBD-500 forms upon request by the Financial Litigation Unit, (iii) to keep the Financial Litigation Unit advised about Defendant's current address, (iv) for Defendant's debt to be placed on the Treasury Offset Program which will offset any federal funds Defendant is or will be entitled to as permitted by law, and (v) for Defendant's debt to be placed on any tax refund/rebate offset program existing in Defendant's

state or territory of residency. Defendant understands that any funds captured by the Treasury Offset Program or a state's tax refund/rebate offset program will be paid towards Defendant's monetary penalties and does not relieve Defendant of any obligation to pay the monetary penalties in full. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

10. Defendant understands and agrees to surrender to the Government or any lawful agency as may be directed by the Court any and all assets or portions thereof acquired or obtained by Defendant as a direct or indirect result of any criminal activity, including but not limited to the offenses described in the complaint and the Indictment. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal and real property, including any cash that was on or with Defendant when Defendant was arrested. Defendant agrees to let the Government search Defendant's belongings in order to find any money related to Defendant's offense. Defendant also agrees to make restitution in the amount the Court may order to the victims in this case.

11. Defendant understands that to establish the offense of Fraud in Foreign Labor Contracting in violation of 18 U.S.C. § 1351, as alleged in Count Three of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

> First: On or about December 16, 2010, the Defendant recruited, solicited, or hired Weifeng Guo, a person outside of the United States, for the purposes of employment in the United States;
>
> Second: Defendant recruited, solicited, or hired Weifeng Guo by means of materially false or fraudulent pretenses, representations or promises, regarding that employment;
>
> Third: Defendant did so knowingly, and with intent to defraud; and
>
> Fourth: Part of the crime occurred in the District of the Northern Mariana Islands.

12. Defendant understands that to establish the offense of Fraud in Foreign Labor Contracting in violation of 18 U.S.C. § 1351, as alleged in Count Four of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First: On or about December 16, 2010, the Defendant recruited, solicited, or hired Yuyan Li, a person outside of the United States, for the purposes of employment in the United States;

Second: Defendant recruited, solicited, or hired Yuyan Li by means of materially false or fraudulent pretenses, representations or promises, regarding that employment;

Third: Defendant did so knowingly, and with intent to defraud; and

Fourth: Part of the crime occurred in the District of the Northern Mariana Islands.

13. The Government and Defendant stipulate and agree to the following facts:

(a) The defendant was born in 1966 and is a citizen of the People's Republic of China.

(b) In or about December 2010, the defendant, working with and through an associate in China, made false and fraudulent representations to two persons, Weifeng Guo and Yuyan Li, both Chinese nationals living in China, about employment in the United States. The false representations included, but were not limited to, that the defendant would be able to obtain legitimate employment for the two persons as massage therapists in the Commonwealth of the Northern Mariana Islands. The Defendant also supplied Weifeng Guo and Yuyan Li employment contracts, when in fact the Defendant could not provide them legitimate employment.

(c) The false and fraudulent statements enticed the two persons to travel to the Commonwealth of the Northern Islands on December 16, 2010. The defendant knew that she was not able to obtain legitimate jobs and lawful employment status for the two persons, but acted with the intent to defraud them of a "sponsor fee" of at least $2,150.00. The defendant also knew that the two persons would be entering unlawfully, as Defendant advised them to declare they were tourists, when in fact they were entering for purposes of employment.

14. Defendant understands and agrees that the United States Sentencing Guidelines (Sentencing Guidelines) apply to Defendant's offense. Defendant also understands that the facts stipulated to herein will be used, pursuant to section 1B1.2 of the Sentencing Guidelines, to calculate the

Sentencing Guidelines range. If Defendant cooperates pursuant to this Agreement by providing information concerning the unlawful activities of others, the Government agrees that any self-incriminating information so provided will not be used against Defendant in assessing Defendant's punishment, and therefore, pursuant to section 1B1.8(a) of the Sentencing Guidelines, this information will not be used in determining the applicable Sentencing Guidelines range.

15. The parties agree to recommend that section 2B1.1 of the Sentencing Guidelines applies to Defendant's conviction and establishes a base offense level of six (6) under section 2B1.1(a)(2). The parties agree, and remain free, to make further Sentencing Guideline recommendations to the Court at Defendant's sentencing hearing.

16. Defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. Defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines range projected by Defendant's counsel or any other person, such discrepancy is not a basis to withdraw Defendant's guilty plea. Pursuant to Federal Rule of Criminal Procedure 11(c)(3)(B), Defendant also understands that if the Court does not accept the sentencing recommendation made by the Government to the Court pursuant to Rule 11(c)(1)(B), Defendant nevertheless has no right to withdraw Defendant's guilty plea.

17. Defendant understands that this Agreement depends on the fullness and truthfulness of Defendant's cooperation. Therefore, Defendant understands and agrees that if Defendant should fail to fulfill completely each and every one of the obligations under this Agreement, or make material omissions or intentional misstatements, or engage in criminal conduct after the entry of this Agreement and before sentencing, or otherwise breach this Agreement, the Government will be free from its obligations under this Agreement; thus, in such a circumstance, the Government can recommend whatever fine and sentence of incarceration that it may deem appropriate, and Defendant, in addition to standing guilty of the matters to which Defendant has pled pursuant to this Agreement, shall also be

fully subject to criminal prosecution for other crimes, and for any counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether federal, state, or local, shall be free to use against Defendant, without limitation, any and all information, in whatever form, that Defendant has provided pursuant to this Agreement or otherwise; Defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

18. In the event that the Government believes Defendant has failed to fulfill any obligations under this Agreement, or has falsely implicated an innocent person in the commission of a crime, then the Government shall, in its discretion, have the option of declaring any provision of this Agreement or of its obligations herein null and void, in which event or events Defendant shall not be entitled to withdraw Defendant's plea of guilty made in connection with this Agreement. Whether or not Defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by Defendant shall be admissible and at which the Government shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by Defendant, the Government is entitled to rely on statements and evidence given by Defendant during the cooperation phase of this Agreement.

19. In exchange for the Government's concessions in this Agreement, Defendant voluntarily, knowingly and intelligently waives any right to appeal or to collaterally attack any aspect of Defendant's conviction including, but not limited to, any pretrial dispositions of motions and other issues. Defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging Defendant's conviction in this case. Defendant reserves the right to appeal the sentence actually imposed in this case. Defendant understands and agrees that the Government has bargained for a criminal conviction arising from Defendant's criminal conduct. If at

any time Defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, Defendant agrees to waive any objections, motions, or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions regarding the continued prosecution of the conduct alleged in the complaint and Indictment, including the prosecution of any related conduct.

20. Nothing in this Agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this Agreement.

21. Nothing in this Agreement shall bind any other federal, state or local districts, jurisdiction or law enforcement agency other than the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands.

22. Defendant understands that Defendant may be subject to administrative action by federal or territorial agencies other than the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands as a result of the guilty plea entered pursuant to this Agreement, and this Agreement in no way limits the action, if any, other agencies may take. In addition, Defendant understands that Defendant may be subject to civil and equitable claims, demands or causes of action by the Government and others, and that this Agreement in no way affects these claims, demands, or causes of action.

23. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status because Defendant is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences

that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States. Defendant further understands that removal and other unanticipated collateral consequences will not serve as grounds for withdrawing a guilty plea.

24. This Agreement is not contingent in any way upon the outcome of any investigation, proceeding, or subsequent trial. Thus, none of the rights and obligations described herein are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

25. Defendant acknowledges that Defendant has been advised of the rights as set forth below prior to entering into this Agreement. Specifically, Defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. the nature and elements of the charges and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. Defendant's right to be represented by an attorney;

c. Defendant's right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against Defendant, and the right not to be compelled to incriminate herself, that is, the right not to testify;

d. that if Defendant pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this Agreement, Defendant waives, that is, gives up, the right to a trial;

e. to the extent that this Agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), Defendant understands that Defendant may not withdraw Defendant's guilty plea even if the Court does not accept the sentencing recommendations of the Government or Defendant's counsel;

f. that, upon entry of a plea of guilty, or thereafter, the Court may ask Defendant questions about the offenses to which Defendant has pled, under oath, and that if Defendant answers these questions under oath, on the record, Defendant's answers may later be used against Defendant in a prosecution for perjury or false statement if an answer is untrue;

g. that Defendant agrees that this Agreement is voluntary and not a result of any force, threats or promises apart from this Agreement;

h. that Defendant has had this Agreement translated into Defendant's native language, and understands it as a result of the translation; and

i. Defendant is satisfied with the representation of Defendant's lawyer and feels that Defendant's lawyer has done everything possible for Defendant's defense.

26. This Agreement states the complete and only agreement between the Government and Defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or is on the record in Court. No other promises or inducements have been or will be made to Defendant in connection with this case, nor have any

//

predictions or threats been made in connection with this Agreement.

DATED: 09/02/2011

Ma He Qian

Heqian Ma
Defendant

DATED: 9/2/2011

Michael N. Evangelista
Attorney for Defendant

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and the Northern Mariana Islands

DATED: 9/6/11

James J. Benedetto
Assistant U.S. Attorney

DATED: 9/6/11

Belinda C. Alcantara
First Assistant U.S. Attorney

TRANSLATOR CERTIFICATION

I hereby certify that I am proficient in both the English language and in a language Defendant speaks and readily understands. I further certify that I have orally translated each part of the above Agreement for Defendant, and Defendant indicates to me that Defendant understands each part of the Agreement.

DATED: 09/02/2011

ABY LEUNG, Translator